IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DIJON MAURICE MOBLEY,              )
                                   )
            Plaintiff,             )
                                   )
    v.                             )        1:14CV136
                                   )
AAA COOPER TRANSPORTATION,         )
STEVE IMMEL, CHRIS DUGAN,          )
WYNN BEASLEY, US HEALTHWORKS,      )
and DR. VICTOR KORANG,             )
                                   )
            Defendants.            )

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Plaintiff DiJon Maurice Mobley ("Plaintiff"), proceeding pro se, filed a Complaint on February 18, 2014, alleging that his employer and other individuals (1) violated the Americans with Disabilities Act of 1990, codified as amended at 42 U.S.C. § 12101 et seq. ("ADA"); (2) committed libel and slander during an administrative hearing; (3) falsified federal documents; (4) conspired to falsify those documents; and (5) harassed Plaintiff by threatening to inflict bodily harm. (Complaint ("Compl.") (Doc. 1).) In his Complaint, Plaintiff names five defendants: (1) AAA Cooper Transportation ("AAA Cooper"); (2) Steve Immel; (3) Chris Dugan; (4) Wynn Beasley; (5) U.S. HealthWorks; and (6) Dr. Victor Korang (collectively "Defendants"). (Id.)

Presently before this court are a number of motions filed by the parties, and due to the number and nature of these filings, this court takes time to explain the various filings in detail.

Defendants Immel and Dugan have each made a limited special appearance to file separate Motions to Dismiss for Insufficient Service of Process pursuant to Rule 12(b)(5) and for Failure to State a Claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Docs. 15, 17.) Plaintiff has responded to each motion (Docs. 23, 24), and Defendant Immel and Dugan have each filed a reply. (Docs. 31, 32.) These motions are now ripe for adjudication.

Defendant AAA Cooper has made a limited special appearance to file a Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant to Rule 12(b)(1), for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2), for Insufficient Service of Process pursuant to Rule 12(b)(5), and for Failure to State a Claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil procedure. (Doc. 27.) A Roseboro letter was sent to Plaintiff on May 27, 2014, warning him of the consequences of not responding to this dispositive motion. (Doc. 30.) Nonetheless, Plaintiff has not responded to Defendant AAA Cooper's Motion to

Dismiss.  Despite the lack of response, this court considers this motion ripe for adjudication.

Defendants U.S. HealthWorks and Korang filed an answer to Plaintiff's Complaint.  (Doc. 14.)  These Defendants then filed a joint Motion to Dismiss for Failure to State a Claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Doc. 33.)  Again, a Roseboro letter was sent to Plaintiff on July 3, 2014 (Doc. 35), and Plaintiff has not responded to this Motion to Dismiss.  This motion is now ripe for adjudication.

This court has considered each motion filed by the parties, and for the following reasons, this court will grant the various Motions to Dismiss filed by the Defendants.  Accordingly, this case will be dismissed.

There are two other matters before this court that require attention.  First, before Defendant AAA Cooper filed its Motion to Dismiss, Plaintiff entered a Motion for Default Judgment against Defendant AAA Cooper.  (Doc. 26.)  This court recognizes that Defendant AAA Cooper filed its motion well after the extended deadline allowed by the Magistrate Judge (see Order (Doc. 12) at 2), but this court nonetheless finds that Defendant AAA Cooper cured the default by filing its Motion to Dismiss before this court entered default.  Although this court has an interest in preventing delays and enforcing filing deadlines,

this court is hesitant to enter default, as the Federal Rules of Civil Procedure enforce "the sound public policy of deciding cases on their merits," see Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974); see also Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010), and as a result, "default judgments are not favored," see Trueblood v. Grayson Shops of Tenn., Inc., 32 F.R.D. 190, 195-96 (E.D. Va. 1963).  Therefore, this court will not enter a default judgment against Defendant AAA Cooper, and Plaintiff's motion asking this court to do so will be denied.

Second, Defendant Beasley has not responded in any way to Plaintiff's Complaint.  A summons for Defendant Beasley was issued on February 18, 2014 (Doc. 3), and then reissued on May 12, 2014 (Doc. 25).  On January 27, 2015, this court gave notice that, even though Defendant Beasley had not filed a motion to dismiss, it was contemplating whether the claims against Defendant Beasley could be dismissed for the same reasons put forth by the other Defendants' Motions to Dismiss. (Doc. 36.)  Plaintiff responded on February 6, 2015, pointing this court to Plaintiff's Motion for Default Judgment without any further explanation.  (Doc. 37.)  This court is somewhat perplexed by Plaintiff's response as Plaintiff's Motion for Default Judgment mentions Defendant Beasley but only asks that

default be entered against Defendant AAA Cooper.  (See Pl.'s
Mot. for Default J. (Doc. 26) at 1, 3.)  As a result, Plaintiff
has not responded with reason why this court should not consider
dismissing the claims as to Defendant Beasley.

In considering how to address the case as to Defendant
Beasley, this court recognizes the need to avoid logically
inconsistent judgments, such as the claims as to one defendant
being dismissed but default being entered to a
closely-interrelated defendant.  See Jefferson v. Briner, Inc.,
461 F. Supp. 2d 430, 433-39 (E.D. Va. 2006) (citing Frow v. De
La Vega, 82 U.S. (15 Wall.) 552, 554 (1872); United States ex
rel. Hudson v. Peerless Ins. Co., 374 F.2d 942 (4th Cir. 1967)
(finding that when co-defendants are alleged to be "closely
interrelated," and one of the multiple defendants "establishes
that plaintiff has no cause of action or present right of
recovery, the defense generally inures also to the benefit of a
defaulting defendant[]" (internal quotations marks omitted)).
Plaintiff's claims against Defendant Beasley are "closely
interrelated" with those made against Defendant Immel and
Defendant AAA Cooper.  (See Compl. (Doc. 1) at 3 (alleging that
Defendant Beasley, in his role as "agent" of Defendant AAA
Cooper, prevented Plaintiff from receiving permanent work status
and medical benefits).)  Therefore, this court will consider

whether all claims should be dismissed as to Defendant Beasley
as well.

## I.    <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

At the motion to dismiss stage, this court is to examine
the pleadings and consider all facts in the light most favorable
to Plaintiff.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009).
Doing so, this court finds that Plaintiff was employed as a
probationary truck driver by Defendant AAA Cooper.  Defendant
Korang, a doctor affiliated with Defendant U.S. HealthWorks,
conducted Plaintiff's pre-employment physical examination on
March 27, 2012.  At that time, Plaintiff was diagnosed with
potential sleep apnea and told to seek out a sleep study to
confirm the diagnosis.  Defendant Korang said he would not
provide the medical examiner's certificate or "DOT medical card"
until Plaintiff had the sleep study conducted.  (Compl. (Doc. 1)
at 3.)

After the physical exam, Defendant Korang approved
Plaintiff's provisional commercial driver's license for three
months.  This allowed Plaintiff to drive for Defendant AAA
Cooper during his eight-week probationary period.  Plaintiff
believed that he would be hired by Defendant AAA Cooper at the
end of his probationary period, and with the insurance provided

by Defendant AAA Cooper, he would obtain the sleep study before his provisional license expired. (<u>Id.</u>

At the end of Plaintiff's probationary period – on or about May 22, 2012 – Defendant Beasley, an "agent" of Defendant AAA Cooper, denied Plaintiff permanent employment with the company, even though Plaintiff claims he met all relevant requirements for permanent status. Without permanent employment, Plaintiff did not have medical benefits, and without medical benefits, Plaintiff was unable to pay for the sleep study. Without the sleep study, Plaintiff could not obtain his DOT medical card or his permanent commercial license. (<u>Id.</u>)

Despite being denied full-time employment, Plaintiff continued to work for Defendant AAA Cooper. Plaintiff's provisional license was extended for three more months, after Defendant Immel, another "agent" of Defendant AAA Cooper, "coerce[d]" Defendant Korang to extend his DOT medical card. According to Plaintiff, Defendant Immel convinced Defendant Korang to extend the DOT medical card by explaining that the sleep study would take an additional six weeks to complete. Plaintiff continued to drive for Defendant AAA Cooper, increased his hours to cover shifts for other drivers, picked up two extra stops to cover for a less efficient driver, and trained a new employee. (<u>Id.</u> at 4.)

However, in September 2012, after the additional three months had expired, Defendant Korang did not renew Plaintiff's commercial driver's license. Plaintiff was no longer legally allowed to drive commercial vehicles, and his employment with Defendant AAA Cooper was terminated on or about September 27, 2012. (Def. AAA Cooper's Mot. to Dismiss, Ex. C, EEOC Charge (Doc. 27-3) at 2.)[1] In addition to the adverse employment decision that occurred, Plaintiff also claims that, during his employment, Plaintiff was twice threatened with bodily harm by Defendant Dugan. (Compl. (Doc. 1) at 5.)[2]

As early as October 1, 2012, Plaintiff brought his case before the North Carolina Employment Security Commission ("NCESC") and then appealed the decision of the NCESC. Some of Plaintiff's claims pertain to what was said during the NCESC hearing. Plaintiff claims Defendant Immel told the NCESC that Plaintiff had quit his job because Plaintiff did not want to get the required sleep study. Plaintiff also alleges that Defendant Immel admitted to the NCESC that he "called US Health Works on Friendly Ave. in Greensboro[,] NC, and had [Plaintiff's] medical

---

[1] All citations in this Memorandum Opinion and Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

[2] Plaintiff did not raise this claim of harassment in his Charge of Discrimination with the Equal Employment Opportunity Commission. (See EEOC Charge (Doc. 27-3) at 2.)

card extended to the benefit of [Immel] and AAA Cooper Transportation." (Compl. (Doc. 1) at 4).

On April 9, 2013, Plaintiff then filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). (EEOC Charge (Doc. 27-3) at 2.) On November 20, 2013, the EEOC dismissed the charge, finding that "the EEOC is unable to conclude that the information obtained establishes violations of the statutes." (Compl., EEOC Dismissal & Notice of Rights (Doc. 1-1) at 1.) The EEOC Notice also explained that Plaintiff had 90 days to file his lawsuit, and Plaintiff filed suit in this court on February 18, 2014. (Id.)

After filing his lawsuit, Plaintiff filed summons for all named Defendants on February 18, 2014. (Doc. 3.) Later, however, Plaintiff re-issued summons against Defendants AAA Cooper, Beasley, Dugan, and Immel. (Doc. 25.)

## II. MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS

Defendants AAA Cooper, Dugan, and Immel have made Motions to Dismiss for Insufficient Service of Process pursuant to Rule 12(b)(5). (See Docs. 15, 17, 27.) This court must take this matter up first, as "a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998). Without personal jurisdiction, any judgment that this

court may enter against a defendant would be void.  Id. at 306–

07.  Therefore, this court will determine whether Defendants AAA

Cooper, Dugan, and Immel were properly served before addressing

the merits of Plaintiff's claims.

### A. __Legal Standard__

For service on an individual defendant within the United

States to be proper and sufficient, the plaintiff must either

have the defendant served personally, leave a copy of the

materials "at the individual's dwelling or usual place of abode

with someone of suitable age and discretion who resides there,"

deliver the materials to an agent authorized to accept the

service on defendant's behalf, or conduct service as allowed

under the laws of the state where the district court is located.

Fed. R. Civ. P. 4(e).  To serve a corporation, plaintiff must

either deliver the materials "to an officer, a managing or

general agent, or any other agent" authorized to accept service

on behalf of the corporation or serve the corporation in some

other way that complies with state law.  Fed. R. Civ. P. 4(h).

Although service is necessary to give this court personal

jurisdiction, the Fourth Circuit has explained:

> When the process gives the defendant actual notice
> of the pendency of the action, the rules, in
> general, are entitled to a liberal construction.
> When there is actual notice, every technical
> violation of the rule or failure of strict
> compliance may not invalidate the service of

> process. But the rules are there to be followed,
> and plain requirements for the means of effecting
> service of process may not be ignored.

Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087,

1089 (4th Cir. 1984). Defendants AAA Cooper, Dugan, and Immel

were on notice of the current proceeding, as they have made

limited special appearances in the matter. (See, e.g., Mot. for

Extension of Time (Doc. 10) (making a limited special appearance

to ask for more time to file a responsive pleading).)

Therefore, this court must determine whether Plaintiff has

substantially complied with the rules of service to give this

court jurisdiction over claims against these Defendants.

### B. Defendant AAA Cooper

Defendant AAA Cooper is an Alabama corporation, with its

principal place of business in Dothan, Alabama. (Def. AAA

Cooper's Mot. to Dismiss, Ex. B, N.C. Sec'y of State Report

(Doc. 27-2) at 2.) Registered Agent Solutions, Inc., in

Raleigh, North Carolina, is Defendant AAA Cooper's registered

agent in North Carolina. (Id.)

On May 12, 2014, Plaintiff re-issued a summons to Defendant

AAA Cooper, mailing the summons to Defendant AAA Cooper's

principal place of business in Dothan, Alabama. (Reissued

Summons (Doc. 25) at 1.) The summons was not addressed to a

specific individual but to "Registered Agent." (Id.) Although

-11-

Defendant AAA Cooper admits that it received the summons on May 16, 2014, Defendant AAA Cooper claims it has not been served properly, as the summons does not meet the requirement that it be addressed to "an officer, director, or managing agent." (Def. AAA Cooper's Mot. to Dismiss (Doc. 27) at 1.)

This court recognizes that other courts in this district have dismissed for insufficient service of process, due to the summons not being directed or addressed to an officer, director, or agent. See, e.g., Benitez v. Maxim Healthcare Servs., No. 1:12CV1195, 2013 WL 3441734, at *3 (M.D.N.C. July 9, 2013). Additionally, this court's analysis is further hindered by the fact that Plaintiff has not responded to Defendant AAA Cooper's Motion to Dismiss or offered any sort of affidavit that might comply with N.C. Gen. Stat. § 1-75.10(a)(6) and prove that the service was proper.

Nonetheless, this court finds that service was sufficient in this instance.[3],[4]  Defendant AAA Cooper was aware of this action and has responded.  Plaintiff mailed service to Defendant AAA Cooper's principal place of business.  While Plaintiff should have addressed process to a particular officer, director,

---

[3] In addition to its claim of insufficient service of process, Defendant AAA Cooper makes arguments that this court does not have subject matter jurisdiction over this case or personal jurisdiction over Defendant AAA Cooper.  However, this court finds these challenges are without merit.  Defendant AAA Cooper claims that this court does not have subject matter jurisdiction over Plaintiff's ADA claim, as Plaintiff's Charge of Discrimination with the EEOC was not timely filed.  (Def. AAA Cooper's Mot. to Dismiss (Doc. 27) at 2.)  However, the Supreme Court has long held that timely filing is a requirement of a claim of discrimination, but it is not a jurisdictional requirement.  See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982).  Accordingly, this court will not grant Defendant AAA Cooper's Motion to Dismiss based on Lack of Subject Matter Jurisdiction.  Furthermore, Defendant AAA Cooper claims that this court lacks personal jurisdiction based on the insufficiency of service.  (Def. AAA Cooper's Brief in Supp. of Mot. to Dismiss ("Def. AAA Cooper's Mem.") (Doc. 28) at 6.)  This court has found that Plaintiff substantially complied with the service requirements, and as a result, this court will not grant Defendant AAA Cooper's Motion to Dismiss based on Lack of Personal Jurisdiction.

[4] This holding is limited to the specific facts and circumstances of this case and should not be construed as significant precedent in this court. Here, the actual notice requires "liberal construction" (Armco, supra), and Plaintiff's pro se status also requires liberal construction. Thus, the interplay of both levels of liberal construction creates a difficult analysis.  In light of this court's finding that dismissal is appropriate on the merits, this court has chosen to analyze the applicable rules liberally and in a manner not likely to be repeated often, if at all.  The service of process rules are important and should be enforced in accordance with Fourth Circuit precedent.

or agent, this court will not quash the summons as to Defendant AAA Cooper based on this mistake. Additionally, this court recognizes that this issue is somewhat mooted as this court has found that the case should be dismissed on the merits.

### C. **Defendants Dugan and Immel**

Defendants Immel and Dugan are individual defendants, and they also claim that they have not been properly served. After originally mailing the summons of Defendants Immel and Dugan to their place of employment by mistake, Plaintiff claims that he rectified this error by serving Defendants properly and doing so within the 120-day window from the date the summons was issued - meaning before June 18, 2014. (Pl.'s Resp. to Def. Immel's Mot. to Dismiss (Doc. 23) at 2.) Plaintiff re-served Defendants Immel and Dugan on May 12, 2014, by mailing service to their home addresses. (Doc. 25.) Despite being re-served, Defendants Immel and Dugan protest that this service was ineffective because it was mailed by Plaintiff and not a non-party, violating Rule 4(c)(2) of the Federal Rules of Civil Procedures. See Fenner v. John Umstead Hosp., No. 1:09CV977, 2014 WL 257274, at *3 n.4 (M.D.N.C. Jan. 23, 2014) (finding service defective for being mailed by a party).

Although this court recognizes that the service was technically defective since it was mailed by a party, this court

is willing to construe the requirements of Rule 4 liberally because Defendants Immel and Dugan have had actual notice of this action since at least March 11, 2014, when they filed a motion for extension of time to respond to the Complaint. (Doc. 10.) Therefore, this court will not dismiss the action or quash the summons as to Defendants Immel and Dugan based on insufficient service of process.

## III. <u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>

Along with the challenges based on insufficient service of process, Defendants have moved to dismiss all claims made by Plaintiff for failure to state a claim. This court will address the plausibility of each claim made by Plaintiff in turn.

### A. <u>Legal Standard</u>

When considering a motion to dismiss, this court must accept the non-moving party's factual allegations as true. <u>Erickson v. Pardus</u>, 551 U.S. 89, 91 (2007). Granting a motion under Rule 12(b)(6) is proper when the complaint's factual allegations, read as true, fail as a matter of law to state a plausible claim for relief. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). For instance, a defendant's Rule 12(b)(6) motion may raise the affirmative defense that a claim is time-barred, but only if the time bar is apparent from the face of the

complaint.  <u>Farley v. CSX Transp., Inc.</u>, 144 Fed. Appx. 962, 963
(4th Cir. 2005).

The burden, however, remains on Plaintiff "to allege facts
sufficient to state all the elements of [Plaintiff's] claim."
<u>Bass v. E.I. DuPont de Nemours & Co.</u>, 324 F.3d 761, 765 (4th
Cir. 2003).  "A claim has facial plausibility when the plaintiff
pleads factual content that allows the court to draw the
reasonable inference that the defendant is liable for the
misconduct alleged."  <u>Iqbal</u>, 556 U.S. at 678.  However, a court
is not required to accept "[t]hreadbare recitals of the elements
of a cause of action supported by mere conclusory statements."
<u>Id.</u>  Although courts must be more liberal in construing <u>pro se</u>
pleadings, <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972), a <u>pro se</u>
plaintiff's complaints must nonetheless assert "that each of the
elements is present in order to be sufficient."  <u>Iodice v.
United States</u>, 289 F.3d 270, 281 (4th Cir. 2002).

> **B.**   **<u>ADA Claim</u>**

This court first considers Plaintiff's ADA claim.
Plaintiff may only assert ADA claims against his employer, and
this court must dismiss claims made against individual
defendants or corporate defendants who do not employ Plaintiff.
<u>See</u> 42 U.S.C. § 12111(2) (defining "covered entity" as "an
employer"); <u>id.</u> § 12112(a) ("No covered entity shall

discriminate against a qualified individual on the basis of disability . . . .").  Plaintiff's Complaint alleges that Defendants Dugan, Immel, and Beasley are employees or "agents" of Defendant AAA Cooper and are being sued in their individual capacities.  The ADA does not authorize such a suit, and this court must dismiss Plaintiff's ADA claim as to these three employees.  See Baird v. Rose, 192 F.3d 462, 471–72 (4th Cir. 1999).  Additionally, Plaintiff does not allege that Defendant U.S. HealthWorks and its employee, Defendant Korang, were Plaintiff's employer, and this court must also dismiss the ADA claim as to these two defendants.  See Posante v. LifePoint Hosps., Inc., No. 4:10-CV-00055, 2011 WL 3679108, at *3 (W.D. Va. Aug. 23, 2011) ("Because there is no evidence to support the conclusion that LifePoint was Plaintiff's employer or controlled his employment in any regard, LifePoint is entitled to summary judgment on all counts arising under the ADA.").

Therefore, the only defendant against whom Plaintiff may assert an ADA claim is his former employer, Defendant AAA Cooper.  Defendant AAA Cooper asks this court to dismiss Plaintiff's ADA claim because Plaintiff's charge of discrimination was not timely filed with the EEOC.  (Def. AAA Cooper's Mot. to Dismiss (Doc. 27) at 2.)  Since the untimeliness of an EEOC Charge is an affirmative defense raised

by Defendant AAA Cooper, this court must determine whether there is information contained within the Complaint which shows that the claim is time-barred.

Under the ADA, a plaintiff must file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory activity. <u>See</u> 42 U.S.C. § 12117(a) (incorporating by reference the Title VII timing requirements laid out in 42 U.S.C. § 2000e-5); <u>Sydnor v. Fairfax Cnty., Va.</u>, 681 F.3d 591, 593 (4th Cir. 2012). The Supreme Court has made clear that untimely claims are subject to dismissal, indicating that "[p]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts." <u>Baldwin Cnty. Welcome Ctr. v. Brown</u>, 466 U.S. 147, 152 (1984) (per curiam); <u>see also</u> <u>Mohasco Corp. v. Silver</u>, 447 U.S. 807, 826 (1980); <u>Suarez v. Charlotte-Mecklenburg Sch.</u>, 123 F. Supp. 2d 883, 887 (W.D.N.C. 2000).

However, "filing a timely charge of discrimination with the EEOC is . . . a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." <u>Zipes v. Trans World Airlines, Inc.</u>, 455 U.S. 385, 393 (1982). Moreover, in the context of a "continuing violation" claim, the Supreme Court has held that, even though "the statute precludes recovery for discrete acts of discrimination or retaliation that

occur outside the statutory time period," courts should consider "the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period . . . for the purposes of assessing liability." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 105 (2002). Therefore, this court must examine the particulars of Plaintiff's complaint and the time in which it was filed to determine if Plaintiff's Complaint is self-defeating in showing that the EEOC Charge was untimely.

Plaintiff's Complaint does not mention a specific date for his termination, but the Complaint does suggest that he was already seeking unemployment benefits by October 1, 2012. (Compl. (Doc. 1) at 4.) Defendant AAA Cooper has submitted Plaintiff's EEOC Charge (Doc. 27-3), which this court can consider in evaluating its motion to dismiss.[5] Based on Plaintiff's EEOC Charge, it appears that Plaintiff was terminated on or about September 27, 2012. (EEOC Charge (Doc. 27-3) at 2.) Plaintiff's EEOC Charge also reveals that Plaintiff filed the charge of discrimination on April 9, 2013 -

---

[5] The Fourth Circuit has found that a court may consider a document in determining whether to dismiss the complaint if "it was integral to and explicitly relied on in the complaint" and if "the plaintiffs do not challenge its authenticity." See Phillips v. LCI Int'l, Inc., 190 F.3d 609, 618 (4th Cir. 1999). In this case, Plaintiff's Complaint explicitly mentions his EEOC Charge (Compl. (Doc. 1) at 2), and Plaintiff pulls much of his Complaint from the "particulars" section of the EEOC Charge.

193 days after the day Plaintiff alleges he was terminated for not securing the sleep study and not obtaining his permanent license.[6] (Id.) Because Plaintiff's EEOC Charge was filed outside of the 180-day period, Plaintiff has not complied with the filing requirements of the ADA. Therefore, this court must determine whether some factor excuses this untimely filing before it can consider the merits of Plaintiff's claim.

First, this court finds that Defendant AAA Cooper has not waived this defense, as it asserted the defense in its first responsive pleading to Plaintiff's Complaint. Second, the statutory period is not equitably tolled or extended by the fact that Plaintiff was pursuing a claim for unemployment benefits with the NCESC.[7] See Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc., 429 U.S. 229, 236 (1976). In the NCESC proceeding, Plaintiff was

_____

[6] Defendant AAA Cooper claims that "the only alleged discriminatory employment action took place the week of May 22, 2012, the date [Plaintiff] allegedly was denied 'permanent employment status and medical benefits.'" (Def. AAA Cooper's Mem. (Doc. 28) at 10 (quoting Compl. (Doc. 1) at 3).) This court disagrees and considers Plaintiff's ultimate termination, which allegedly took place in September 2012, to be an adverse employment action for purposes of considering the timeliness issue.

[7] "Equitable tolling applies where the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of a cause of action; equitable estoppel applies where the defendant engages in intentional misconduct to cause a plaintiff to miss a filing deadline." Huff v. N.C. A&T State Univ., 334 Fed. Appx. 583, 584 (4th Cir. 2009) (per curiam).

pursuing an independent claim for unemployment benefits, not

asserting his rights under the ADA, and as a result, this court

cannot excuse Plaintiff's delay in filing his charge of

discrimination with the EEOC.  See id. at 238.  Third, Plaintiff

has presented no evidence that acts of employment discrimination

based on his disability occurred during the statutory period.

As a result, Plaintiff cannot contend that there is some

actionable continuing violation that will allow him to seek

recovery based on his termination in September 2012.

Therefore, this court finds that it must dismiss

Plaintiff's ADA claim based on the timing requirements of the

ADA.  See McCullough v. Branch Banking & Trust Co., 35 F.3d 127,

131 (4th Cir. 1994).

Furthermore, even if this court assumes that Plaintiff has

filed his EEOC Charge in a timely manner, this court finds that

Plaintiff's claim would be dismissed on the merits because

Plaintiff cannot demonstrate a prima facie case of

discrimination prohibited by the ADA.

In order to establish a violation of the ADA, Plaintiff

must prove: (1) that he had a disability; (2) that he was

qualified for the driver position; and (3) that Defendant AAA

Cooper rejected him due to discrimination solely on the basis of

his disability.  Doe v. Univ. of Md. Med. Sys. Corp., 50 F.3d

1261, 1264-65 (4th Cir. 1995).  A qualified individual is "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."  42 U.S.C. § 12111(8).  Before a court examines whether an individual can perform "the essential functions" of a position, it must first determine whether the applicant "satisfies the prerequisites for the position, such as possessing the appropriate educational background, employment experience, skills, licenses, etc."  29 C.F.R. pt. 1630, app. to § 1630.2(m).

Because Plaintiff was applying to drive a commercial motor carrier, whether he is a "qualified individual" depends on the requirements imposed by Congress and the United States Department of Transportation ("DOT") for drivers of commercial motor carriers.  See 49 U.S.C. § 31102(b)(1).  The DOT's Federal Motor Carrier Safety Regulations governing the physical qualifications of drivers of commercial motor vehicles are set forth in 49 C.F.R. § 391.41.  Pursuant to these regulations, drivers of commercial motor vehicles in interstate commerce must be "medically certified as physically qualified to do so."  49 C.F.R. § 391.41(a)(1)(i).  To be "physically qualified," an individual must both: (1) meet the standards set forth in the

regulations, that is, not suffer from any of the noted impairments which may disqualify one from driving a commercial vehicle; and (2) pass a required medical examination and be certified by the examining physician. Id. §§ 391.41(a)(3)(i), 391.43. Specifically, a "medical examiner is required to certify that the driver does not have any physical, mental, or organic condition that might affect the driver's ability to operate a commercial motor vehicle safely." Id. § 391.43(f).

Here, Plaintiff's Complaint explains that Defendant Korang conducted Plaintiff's medical examination and determined that he could not provide Plaintiff with his DOT medical card until he reviewed the results of a sleep study. (See Compl. (Doc. 1) at 3.) Plaintiff may claim that he "met all requirements for permanent work status and medical benefits." (Id.) However, Plaintiff also admits that he was "no longer able to legally drive tractor trailers" because he failed to receive his DOT medical card. (Id.) Therefore, Plaintiff "may not claim that he was unlawfully denied employment for a position that he was deemed not qualified to perform pursuant to applicable federal regulations." See Myers v. J.B. Hunt Transp., Inc., No. 1:05CV00717, 2006 WL 3479001, at *3 (M.D.N.C. Nov. 30, 2006); see also Campbell v. Fed. Express Corp., 918 F. Supp. 912, 919 (D. Md. 1996).

As a result, whether it is for the untimely filing of his EEOC Charge or for not showing that he is a "qualified individual," this court finds that it must dismiss Plaintiff's ADA claim as to Defendant AAA Cooper, meaning that this claim is dismissed as to all Defendants.[8]

## C.   Libel and Slander

In his second claim for relief, Plaintiff alleges libel and slander based on Defendant Immel's statements to the NCESC and the EEOC.  Libel and slander are both state law claims, and this court must determine whether it has jurisdiction to hear this

---

[8] Although the parties have not briefed this issue, this court is also concerned that Plaintiff has not exhausted his administrative remedies provided by the DOT.  Plaintiff, in his EEOC Charge, suggests that a Nurse Practitioner told Plaintiff that he did not have a medical condition. (EEOC Charge (Doc. 27-3) at 2.) The regulations promulgated by the DOT provide an appeals process for individuals who have not passed the DOT physical examination and contest the findings of the employer's medical professional.  See 49 C.F.R. § 391.47(b)(2).  A court within this district held that "'[e]xhaustion of DOT procedures should be required' in circumstances involving driver certification because driver fitness 'falls squarely within the regulatory scheme (and substantive expertise) of DOT.'"  Myers, 2006 WL 3479001, at *4 (quoting Campbell v. Fed. Express Corp., 918 F. Supp. 912, 918 (D. Md. 1996)) (citing Harris v. P.A.M. Transp., Inc., 339 F.3d 635, 638 (8th Cir. 2003); Prado v. Cont'l Air Transp. Co., 982 F. Supp. 1304, 1307 (N.D. Ill. 1997)); see also Wilkie v. Golub Corp., No. 1:11-CV-1086 (GLS/RFT), 2013 WL 5354531, at *2 (N.D.N.Y. Sept. 24, 2013).  In the same way, this court finds there may be reason to dismiss Plaintiff's claim for not exhausting DOT procedures.  See Harris, 339 F.3d at 637 (affirming dismissal of ADA claim in similar situation).  Nonetheless, because this court finds the claim should be dismissed on other grounds, this court will not ask the parties to provide further briefing on this issue.

-24-

claim.  Without jurisdiction under 28 U.S.C. § 1331 or § 1332, this court has some discretion on whether to exercise supplemental jurisdiction on the remaining state law claims. See 28 U.S.C. § 1367(a), (c).  However, because the federal claim has been dismissed before trial, the supplemental jurisdiction statute and the Supreme Court decision it codified have directed that the state claims be dismissed as well.  28 U.S.C. § 1367(c)(3); United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966).  Therefore, this court dismisses Plaintiff's claims of libel and slander.

### D.  **Falsifying Federal Documents**

In his third and fourth claims for relief, Plaintiff makes two claims under the heading "Falsification of Federal Documents," with one making allegations that Defendant Immel coerced Defendant Korang to falsify documents and with one making allegations that Defendants U.S. HealthWorks and Korang conspired to falsify federal documents.  (Compl. (Doc. 1) at 4-5.)  The crux of these claims is that Defendant Immel "used the false statement that [Plaintiff's] sleep testing would take 6 additional weeks" so that Defendant Korang would extend Plaintiff's DOT medical card for an additional period.  (Id. at 4.)

Falsifying federal documents is a federal crime, see United States v. Wells, 519 U.S. 482, 505 n.3 (1997) (Stevens, J., dissenting) (referencing nearly 100 different federal false statement statutes), but there is no private cause of action that allows individuals to sue based on those crimes unless the statute specifically provides one. See Vasile v. Dean Witter Reynolds, Inc., 20 F. Supp. 2d 465, 477 (E.D.N.Y. 1998) ("It is also a general precept of criminal law that unless the statute specifically authorizes a private right of action, none exists."). Rather than giving individual citizens the right to sue, "[c]rimes must be prosecuted instead by the appropriate state or federal prosecutor." Smiley v. Parker, Action No. 2:09CV551, 2009 WL 9053209, at *2 (E.D. Va. Nov. 6, 2009), aff'd, 370 F. App'x 438 (4th Cir. 2010).

Therefore, to the extent Plaintiff attempts to state a claim for Defendants' falsification of or conspiracy to falsify federal documents, this court will dismiss these claims as well.

### E. Harassment Claim

In his fifth claim for relief, Plaintiff claims that he was harassed by a fellow employee by being threatened with bodily harm. There are three significant reasons why this court must dismiss this claim.

First, Plaintiff has not alleged that Defendant Dugan harassed Plaintiff based on his status in a protected class as required to state a claim under the federal employment discrimination statutes, such as Title VII and the ADA. Therefore, this claim does not raise a federal question, and this court will not exercise supplemental jurisdiction over Plaintiff's harassment claim to the extent it is based on state law for the same reasons this court will not exercise supplemental jurisdiction over Plaintiff's claims for libel and slander. See supra Part III.C.

Second, to the extent Plaintiff makes a claim of harassment based on his disability, he did not assert this claim in his EEOC Charge. The Fourth Circuit has said that "a failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009); see also Sydnor, 681 F.3d at 593-94 (finding "a plaintiff fails to exhaust his administrative remedies where . . . his administrative charges reference different time frames, actors, and discriminatory conduct than the central factual allegations in his formal suit" (internal quotation marks omitted)). The same holds true for ADA claims. See Reynolds v. Am. Nat'l Red Cross, 701 F.3d 143, 155 (4th Cir.

2012) (recognizing that "courts often look to Title VII . . . for guidance on ADA issues").  Here, the allegations of physical harassment do not reasonably relate to the allegation levied in Plaintiff's EEOC Charge that he was terminated based on a failure to receive a sleep study.  Moreover, because the alleged perpetrator of the harassment, Defendant Dugan, was not mentioned in the EEOC Charge, the EEOC would not have known to investigate such claims.  Therefore, Plaintiff has not exhausted his claim for harassment and this court does not have jurisdiction to hear such a claim.

Third, to the extent Plaintiff has asserted a claim for harassment under the ADA, he cannot make out such a claim.  To show harassment under the ADA, Plaintiff must show first that he is a qualified individual with a disability.  Fox v. Gen. Motors Corp., 247 F.3d 169, 177 (4th Cir. 2001).  As noted previously, Plaintiff did not receive the requisite medical certification and thus is not a "qualified individual."  As such, Plaintiff cannot satisfy the first element of his ADA harassment claim. See Myers, 2006 WL 3479001, at *3.

Accordingly, this court finds that it must dismiss Plaintiff's claim for harassment.

## IV.  CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motions to Dismiss (Docs. 15, 17, 27, and 33) are **GRANTED** and that this case is **DISMISSED** against all Defendants.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default Judgment (Doc. 26) is **DENIED.**

A judgment consistent with this Memorandum Opinion and Order will be entered contemporaneously herewith.

This the 25th day of February, 2015.

_____
United States District Judge